IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | 05C 0841 |
| v. | ) ) ) | Judge Coar |
| GATEWAY TO LEARNING, INC., | ) ) | Magistrate Judge Schenkier |
| Defendant. | ) ) ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (hereafter the "Commission" or the "EEOC") filed this action against Gateway to Learning, Inc., under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a. EEOC contends that Defendant retaliated against Annie Kershaw, a former Program Director at Gateway, and Nancy Love, the former Executive Director at Gateway, by refusing to renew their annual contracts in retaliation for their having complained about racial harassment, which complaints were activities protected by Title VII.

Gateway to Learning filed an answer to the action denying all material allegations of violation any law including Title VII and Title I. Gateway to Learning denies that it retaliated against anyone and contends that at all times it acted properly in not renewing the contract of Annie Kershaw for cause and in not renewing the contract of Nancy Love for cause.

Neither side admits the claims or defenses of the other side.

The parties have determined to finally resolve this action through the entry of this Consent Decree.

1

### Findings

Having carefully examined the terms and provisions of this Consent Decree, the Court finds the following:

1. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f) (1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f) (1) and (3).

2. This Court has jurisdiction over the parties.

3. The terms and provisions of this Consent Decree are adequate, fair, reasonable, equitable and just. This Consent Decree resolves all claims alleged by the EEOC in its Complaint. The rights of the parties and the interests of the public are adequately protected by this Consent Decree.

4. This Consent Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of Title VII.

5. Since the filing of this lawsuit, Annie Kershaw, who filed with the EEOC the Charge of Employment Discrimination on which this suit is based, has died.

WHEREFORE, upon the consent of the parties, IT IS ORDERED, ADJUDGED AND DECREED:

### Revision and Publication of Policy Against Racial Harassment and Race Discrimination

6. Defendant shall augment its existing policy against racial harassment and race discrimination within 30 days after the entry of this Consent Decree by providing, to the extent said existing policy does not already provide, that:

(a) The policy shall specifically prohibit all harassing conduct on the basis of race by employees and supervisors.

(b) The policy shall state that employees are not required to complain of harassment to a person against whom they allege harassment.

(c) The policy shall inform employees that complaints will be investigated thoroughly and promptly and shall provide that employees who violate the policy are subject to discipline up to and including discharge.

Defendant shall forward a copy of the Policy to the EEOC within 35 business days after entry of this Decree. At the same time it shall post a copy of the Policy on the bulletin boards customarily used for posting notices from management to employees. Thereafter Defendant shall make sure that the Policy remains posted for the term of this Decree.

Within 40 days after the entry of this Consent Decree Defendant shall distribute a copy of said Policy to each current employee. After that 21 day period Defendant shall give a copy of said policy to each new employee on the first day of employment.

This Section does not mean that EEOC or the Court approves of Defendant' anti-harassment policy.

### Non-Retaliation

7. Defendant and its officers, agents, employees, successors, assigns, members of Board of Directors and all persons acting in concert with it, shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree. Defendant also states that it has no intention to engage in any such retaliation.

### Posted Notice

8. Within 10 days after this Consent Decree is entered, and continuously for the duration of this Consent Decree, Defendant shall conspicuously post the Notice attached as exhibit A on all bulletin boards commonly used for announcements from Defendant to its employees. Within 20 calendar days after entry of this Consent Decree, Defendant shall certify to the EEOC in writing that the notice has been posted. Twelve months later it shall certify to the EEOC in writing that the Notice remains posted.

### Monetary Payment

9. a. Within 10 days after submission to Defendant by Nancy Love of a signed release of claims under Title VII, attached as Exhibit B, Defendant shall pay to her $25,000. There shall be no withholding from that amount. Contemporaneously, Defendant shall furnish to EEOC a copy of the check issued to Love. Any tax consequences of said settlement shall be paid by Nancy Love. An appropriate 1099 form shall be furnished to Nancy Love by Defendant.

    b. Within 10 days of submission to Defendant by Louiza Kershaw, the closest next of kin of Annie Kershaw of an appropriate document stating that he or she is the closest next of kin, and that Annie Kershaw died without a will, and that he or she believes he or she is entitled to inherit Annie Kershaw's estate, under Indiana's law of intestate succession, together with a duly signed release of claims under Title VII, attached as Exhibit C, Defendant shall pay her $5,000. There shall be no withholding from that amount. Contemporaneously, Defendant shall furnish to EEOC a copy of the check issued to her. Any tax consequences of said settlement shall be paid by her. An appropriate 1099 form shall be furnished to her by Defendant.

    10.     The EEOC and Defendant shall bear their own costs and attorneys' fees.

### Training

    11.     Within ninety days of entry of this Decree all of Defendant's supervisors, administrative staff, employees who handle human resources (personnel) matters, and other employees as determined by the Defendant's board of directors, shall receive training at Defendant's expense regarding retaliation and racial harassment by William J. Sneckenberg.

The training shall cover the following matters:

    i.     Overview of the Laws of Employment Discrimination
        a. Discrimination Generally
        b. Retaliatory Actions
    ii.     Theories of Enforcement and Burden of Proof
    iii.     Rights, Remedies and Procedure Under Illinois Law Title VII of the 1964 Civil Rights Act of 1964 (Title VII)
    iv.     Practice and Procedure Under Title VII

    12.     Defendant shall certify to the EEOC in writing within five business days after the training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) the name and position of each person in attendance.

### Record Keeping

    13.     For the duration of this Decree, Defendant shall maintain and make available for inspection and copying by the EEOC records (including name, address, and telephone number) of each employee who complains of retaliation and/or racial harassment. Such

reports shall indicate the date the complaint was made, who made it, what was alleged, and what actions Defendant took to resolve the matter.

14. Defendant shall make all documents or records referred to in Paragraph 13 above, available for inspection and copying within ten (10) business days after the EEOC so requests. In addition, Defendant shall make available on ten (10) business day notice their supervisory personnel whom the EEOC requests to interview for purposes of verifying compliance with this Paragraph.

### Reporting

15. Defendant shall furnish to the EEOC written reports every six months for the term of this Decree. The first report shall be due six (6) months after entry of the Decree. Each such report shall contain the name and address of each employee who, in the preceding six months, complained of retaliation and/or racial harassment, and the nature of the complaint. If no employee made such a complaint an officer of Defendant shall submit a signed statement so stating. Each report shall also contain a statement signed by an officer of Defendant that the Notice required to be posted in paragraph 8, above, remained posted during the entire six month period preceding the report.

### Enforcement

17. This Consent Decree shall be in effect for the period of one year, during which time the Court shall retain jurisdiction of the parties and of this action for the purpose of enforcing the provisions of this Consent Decree.

18. If any provision of this Consent Decree is found to be unlawful, only the specific provision in question shall be affected and all other provisions will remain in full force and effect.

19. If the EEOC has reason to believe that Defendant is not complying with this Consent Decree, the EEOC shall so notify Defendant in writing. Defendant will then have ten business days in which to achieve compliance or to satisfy the EEOC that there has been no non-compliance; if Defendant does neither, the EEOC shall have the right to apply to the Court for appropriate relief. If Defendant fails to pay the monetary amount specified above within the time provided, the EEOC may apply to the Court for appropriate relief.

## Miscellaneous Provisions

20. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Defendant in their capacities as representatives, agents, directors and officers of Defendant, and not in their individual capacities.

21. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to Gordon Waldron, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661. When this Decree requires submission by the EEOC of materials to Defendant, they shall be mailed to William J. Sneckenberg, Esq., 171 N. Clark, #3575, Chicago, IL 60601.

22. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors, and assigns of Defendant. Defendant, and any successor of Defendant, will provide a copy of this Decree to any organization which proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court of contempt for a violation of this Decree.

Approved for Plaintiff:

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

_____
JOHN C. HENDRICKSON
Regional Attorney

_____
GORDON WALDRON
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7525


Attorney for Defendant
_____
WILLIAM SNECKENBERG
Sneckenberg, Thomson and Brody, LLP
161 N. Clark Street, Suite 3575
Chicago, Ill 60601
(312) 782-9320

ENTERED AND ORDERED THIS 19th DAY OF May, 2006

_____
Judge David H. Coar

7

## EXHIBIT A

## NOTICE TO ALL EMPLOYEES OF GATEWAY TO LEARNING

This Notice is being posted pursuant to a Consent Decree entered by the federal court resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Gateway to Learning ("Defendant"), *EEOC v. Gateway to Learning, Inc.*, No. 05C 0841, N.D. IL.

In its suit, the EEOC alleged that Gateway to Learning retaliated against employees who complained of racial harassment. Gateway to Learning has denied those allegations.

To resolve the case, Gateway to Learning and the EEOC have entered into a Consent Decree which provides for monetary payment and also provides that:

1) Gateway to Learning will not create, facilitate or permit the existence of a work environment that is hostile to employees on the basis of their race.

2) Gateway to Learning will not retaliate against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree;

3) Gateway to Learning shall publicize a policy prohibiting racial harassment.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. The laws also prohibit discrimination against a person who has complained of illegal discrimination or who has participated in an investigation or enforcement proceeding under such laws. If you believe you have been discriminated against, you may contact the EEOC at (312) 353-2713. The EEOC charges no fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for one year from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Gateway to Learning Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.**

May 19, 2006
Date

Judge David H. Coar

**EXHIBIT B**
**RELEASE AGREEMENT**

I, Nancy Love, for and in consideration of the sum of $25,000 payable to me pursuant to the terms of the Consent Decree entered by the Court in EEOC vs. Gateway To Learning, Inc., No. 05 C 0841, N.D. Ill.), on behalf of myself, my heirs, assigns, executors, and agents, do hereby forever release, waive, remise, acquit, and discharge Gateway To Learning, and all past and present shareholders, officers, agents, employees, Directors and representatives of them from any and all claims and causes of action of any kind which I now have or ever have had under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., as a result of or arising from the subject matter and claims which were or which could have been asserted in the above suit. I understand that this release is provided for in accordance with the terms of the Consent Decree entered by the Court in EEOC vs. Gateway To Learning, Inc., No. 05 C 0841 ( N.D. Ill.), and that such Decree provides that neither Gateway to Learning nor EEOC admit the claims or defenses of the other. Payment is made in order to settle this litigation in accordance with the Consent Decree.

_____          _____
Date                                            Signature

_____
Print Address to which check should be mailed

9

## EXHIBIT C
## RELEASE AGREEMENT

I, Louiza Kershaw, state that I am closest next of kin of Annie Kershaw and that Annie Kershaw died without a will.

For and in consideration of the sum of $5,000 payable to me on behalf of the estate of Annie Kershaw, deceased, pursuant to the terms of the Consent Decree entered by the Court in EEOC vs. Gateway To Learning, Inc., No. 05 C 0841, N.D. Ill.), I do hereby, on behalf of myself, my heirs, assigns, executors, and agents, forever release, waive, remise, acquit, and discharge Defendant and all past and present shareholders, officers, agents, employees, Directors and representatives of them from any and all claims and causes of action of any kind which Annie Kershaw, deceased or her estate now have or ever have had under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., as a result of or arising from the subject matter and claims which were or which could have been asserted in the above suit.

Further, I do hereby certify that I am the proper and lawful recipient of said sum on behalf of the estate of Annie Kershaw, deceased and will indemnify, hold-harmless and defend Gateway to Learning, Inc., its shareholders, officers, agents, employees, Directors and representatives of it, from any and all claims, suits, or proceedings by any person or entity who or that may claim any entitlement to said sum. I understand that this release is provided for in accordance with the terms of the Consent Decree entered by the Court in EEOC vs. Gateway To Learning, Inc., No. 05 C 0841 (N.D. Ill.), and that such Decree provides that neither Gateway to Learning nor EEOC admit the claims or defenses of the other. Payment is made in order to settle this litigation in accordance with the Consent Decree.

Date _____   Signature _____

_____
Print Address to which check should be mailed.

10